UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-135-FDW

| | |
|---|---|
| **ROBERT E. BAKER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **RICHARD THOMAS,** | ) |
| Assistant Superintendent, | ) |
| Alexander Correctional Institution; | ) |
| **RICHARD HAMILTON,** | ) |
| Captain, Alexander | ) |
| Correctional Institution; | ) **ORDER** |
| **JAMIE TRAVIS,** Sergeant, | ) |
| Alexander Correctional | ) |
| Institution; **GEORGE SOLOMON,** | ) |
| Director, North Carolina Prisons; | ) |
| **KEITH WHITENER,** | ) |
| Administrator, Alexander | ) |
| Correctional Institution; | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint, and his amended supplemental Complaint, filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, this civil action will dismissed.

### I. BACKGROUND

According to the website of the North Carolina Department of Public Safety ("NC DPS"), Plaintiff is a North Carolina inmate confined to the Alexander Correctional Institution following his conviction for being a habitual felon (principal). Plaintiff's projected release date is September 16, 2026.

1

On June 19, 2013, Plaintiff filed a Section 1983 complaint which the Court dismissed for failure to state a claim for relief as he had not set forth sufficient facts to demonstrate medical indifference under the Eighth Amendment. 28 U.S.C. § 1915A. (Civil Case No. 5:13-cv-96, Doc. No. 4). The Court summarized the allegations in the complaint as follows:

> In his pro se Complaint, Plaintiff alleges that on or about February 8, 2012, he declared a medical emergency to Correctional Officer Parlier, who was supervising inmates in the Blue Unit of the prison. Plaintiff contends medical staff approved his visit for evaluation, but while en route to the medical facility a "code four-disturbance" was announced and all inmates were expected to remain in place until the code was lifted. (Doc. No. 1 at 3-4).
>
> A short while later, the code was lifted and Plaintiff continued on his way to the medical facility and encountered Sergeant Travis who inquired where Plaintiff was headed. Plaintiff explained that he had declared a medical emergency and was on his way for medical treatment. Travis refused Plaintiff's request to continue toward the medical facility and ordered Plaintiff to submit to handcuffs, a request with which Plaintiff complied. Travis then accompanied Plaintiff to segregation where Plaintiff informed Defendants Thomas and Hamilton about his declared medical emergency and that medical staff had authorized Plaintiff to appear in the medical facility for treatment. Defendants Thomas and Hamilton refused to intervene on Plaintiff's behalf and he was later placed in a shower and evaluated by an employee of the medical staff. Plaintiff was asked three questions by the medical staff that he contends were irrelevant to his present medical condition. After this examination, Plaintiff was taken to a cell upstairs and he settled onto a bunk. For unexplained reasons, Plaintiff then fell out of the bunk and sustained injuries to his mouth and he was taken to Catawba Valley Medical Center and treated.

(Doc. No. 4 at 1-2).

On July 22, 2013, Plaintiff filed a motion to amend his complaint and included evidence regarding his effort to exhaust his administrative remedies. (Doc. No. 8). On August 1, 2013, the Court denied his motion to amend as being futile. (Doc. No. 9).

On September 6, 2013, Plaintiff filed the present complaint, as supplemented, which is virtually indistinguishable from the complaint dismissed in Civil Case No. 5:13-cv-96-FDW.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2). Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.     DISCUSSION

The Court is mindful of scarce judicial resources and the fact that Plaintiff has again tried to obtain relief on a claim of medical indifference. In so doing, Plaintiff has alleged the same facts which this Court previously found failed to state a claim for relief and Plaintiff did not file an appeal. For the reasons stated in the Court's Order of dismissal, which is incorporated herein by reference, (Civil Case No. 5:13-cv-96, Doc. No. 4), the Court finds that Plaintiff, through his

present complaint, fails to state a claim for relief because he is presenting a legally indistinguishable set of allegations. See Arizona v. California, 530 U.S. 392, 412 (2000) (a court may raise the issue of preclusion of a subsequent lawsuit sua sponte). Indeed, "[j]udicial initiative of this sort might be appropriate in special circumstances. Most notably, 'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.'" Arizona, 530 U.S. at 412 (quoting United States v. Sioux Nation, 448 U.S. 371, 432 (1980)).

The district courts have the obligation to conduct an initial review of actions filed by prisoners under the provisions of 28 U.S.C. § 1915A(b). The issue of whether Plaintiff has failed to state an actionable claim under 42 U.S.C. § 1983 for deliberate indifference under the Eighth Amendment has already been decided against him in Civil Case No. 5:13-cv-96. Because the Court has already rendered a judgment on the merits with regard to the same set of facts, and virtually the same parties, Plaintiff's complaint in the present action will be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint against all defendants is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Clerk of Court is directed to close this civil case.

Signed: October 17, 2013

Frank D. Whitney
Chief United States District Judge

4